IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE PEARSON,**<br>an Illinois Resident and Will County Republican Committee Chairman,<br><br>and<br><br>**STEVE BALICH,**<br>an Illinois Resident and Will County Board Member,<br><br>and<br><br>**SAMANTHA L. PALYA,**<br>owner of **ABSOLUTELY PAWFECT PET STYLING,**<br>a Business Owner,<br><br>and<br><br>**AMANDA HAMERMAN,**<br>owner of **COLOR ENVY, INC.,**<br>a Business Owner,<br><br>and<br><br>**MICHAEL JUDGE,**<br>owner of **JUDGE AUTOMOTIVE,**<br>a Business Owner,<br><br>Plaintiffs,<br><br>vs.<br><br>**GOVERNOR JAY ROBERT PRITZKER, in his official capacity,**<br><br>and<br><br>**STATE OF ILLINOIS.**<br><br>Defendants. | CIVIL ACTION<br><br>No. |

## **COMPLAINT**

The Constitution of the United States grants to the citizens of the United States the right to just compensation for taking of private property for public use.

The Illinois Constitution grants to citizens of the State of Illinois the protection of private property without just compensation and further the just compensation shall be determined by a jury.

Constitution of the United States of America, Fifth Amendment:

*"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

Constitution of the State of Illinois, Article I, Section 15:

*"Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law."*

*"The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."*

*Armstrong v. United States,* 364 U.S. 40, 49 (1960)

The above-named Plaintiffs, by and through their attorneys, Bruggeman, Hurst & Associates, P.C., hereby bring this action for declaratory relief, and monetary damages, on behalf of themselves and all others similarly situated persons, companies, and entities (collectively "Plaintiffs") and against Governor Jay Robert Pritzker, in his official capacity as Governor of the State of Illinois, and the State of Illinois and all parties acting under his authority.

The Governor and the State have seized without compensation the property and businesses and the livelihoods of individuals across the State, forcing indefinite closures and layoffs of thousands of people.

The uncompensated seizures violates the Takings Clause of the Fifth Amendment of the United States Constitution, made applicable to the States through the Fourteenth Amendment and also violates well-established notions of Substantive and Procedural Due Process, as well as violation of Article I, Section 15 of the Constitution of the State of Illinois, which guarantees the protection of private property, requires just compensation for taking or damages of private property for public use and declares that such compensation shall be determined by a jury as provided by law.

The Governor of Illinois has issued certain Executive Orders, and the State of Illinois is enforcing said Orders with its police powers including the State, County, and Municipal Police Departments.

Plaintiffs respectively request that this Court declare the Governor's actions in violation of the United States and Illinois Constitutions and order the payment of just compensation.

## **INTRODUCTION**

1. Plaintiffs are individuals and businesses from across the State of Illinois, and are members of two (2) distinct classes adversely affected by the Governor's actions: (i) affected businesses ordered to shutdown by the COVID-19 Closure Orders ("Business Class Members")

and (ii) individual workers displaced from their gainful employment as a result of the same Executive Orders ("Employee Class Members").

2. In the wake of a fast moving disease outbreak, Plaintiffs stand on the precipice of economic collapse as a direct result of the actions taken by Governor Pritzker and State of Illinois in response to the novel coronavirus ("COVID-19") pandemic.

3. As noted above, the Governor issued the COVID-19 Closure Orders on March 20, 2020; April 1, 2020; and April 30, 2020 to protect Illinois' public health, safety and welfare. These Orders mandated that all "non-essential" businesses immediately cease operations at their physical locations, that their employees not work at these physical locations, and that this mandate to stay closed remain in force indefinitely.

4. The Governor proclaimed his authority to enact the Orders by citing a set of broad emergency statutes which he said authorized his actions to stem the spread of COVID-19 across Illinois. This suit does not seek to contest whether the Governor's decision to issue the COVID-19 Closure Orders were prudent or within his authority to issue.

5. This suit accepts as fact that Jay Robert Pritzker, as Governor of the State of Illinois issued on March 9, 2020, a proclamation declaring a disaster existed in the State of Illinois due to the COVID 19 outbreak. See attached "Exhibit A."

6. Jay Robert Pritzker issued the disaster proclamation pursuant to the authority granted to him under the Illinois Emergency Management Agency Act. (20 ILCS 3305).

7. That on March 9, 2020, Jay Robert Pritzker declared Will County, Illinois, and all counties within the State to be a disaster area.

4

8. That pursuant to the powers enumerated in Section 7 of the Act (20 ILCS 3305/7) the Governor ordered all nonessential business to close and prohibited individuals from travel by automobile, motorcycle, scooter, bicycle, train, plane or public transit except essential travel and citizens to stay at home.

9. The property of Business Class members, which the Governor's Orders render unusable, includes both the real property in which the businesses are physically located ("Physical Location") and the tangible property housed in such locations – such as machinery, inventory, tools, business records, and other forms of tangible equipment used in operating each business "Tangible Property") (both forms of property collectively referred to as "Property").

10. Despite issuing the COVID-19 Closure Orders for a readily-apparent public purpose, the Governor did not provide compensation for those who suffered substantial – and perhaps total – diminution of value in their property interest as a result. The COVID-19 Closure Orders by their operative provisions deprived Business Class Members of all economically beneficial use of their Property and deprived Employee Class Members of their livelihoods for an undefined time period.

11. Business Class Members were ordered to close under threat of fines, unspecified criminal penalties and denial of access to disaster relief funding and services, which penalties were announced publically and contemporaneously with the release of the COVID-19 Closure Orders.

12. The Governor's actions were not designed to serve Plaintiffs' private interests, nor did the Governor identify any private interest served by his actions.

13. The Orders constitute a regulatory taking implemented for a recognized public purpose, and therefore, the failure to pay just compensation contravenes the Takings Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the First Article of the Illinois Constitution.

## JURISDICTION AND VENUE

14. This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

15. This is a class action where Plaintiffs seek relief under 28 U.S.C. §§ 2201-22012, 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments. U.S. CONST. AMEND. V, XIV; *see also* Fed. R. Civ. P. 23.

16. Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district.

17. The Plaintiffs are all citizens of the United States, and of the State of Illinois, property owners, business owners, or residents of Illinois.

18. That the Constitution of the United States grants to the citizens of the State of Illinois the protection of certain property rights, and specifically in the Fifth Amendment, which "prohibits the taking of private property for public use without just compensation" (hereinafter referred to as the "Just Compensation Amendment").

19. That the Constitution of the State of Illinois grants to its citizens in Article I, Section 15, the protection of private property, which "shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law" (hereinafter referred to as the Illinois Constitution Article I, Section 15).

6

20. On March 20, 2020, Governor Pritzker issued Executive Order 2020-10. See attached "Exhibit B" (hereinafter referred to as the "March 20 Executive Order").

21. That the March 20 Executive Order *inter alia* limits the Plaintiffs' constitutionally protected rights and freedoms in that it ordered citizens to stay at home, or at their place of residence, limiting their ability to travel within the State. See Section 1 of the March 20 Executive Order, 2020-10 prohibited nonessential travel.

22. That on April 1, 2020, Governor Pritzker issued a second proclamation and issued Executive Order 2020-18. See attached hereto as "Exhibit C" (hereinafter referred to as "April 1 Executive Order") that extended the duration of the March 20 Executive Order and restrains Plaintiffs from travel outside their houses, residences or property to April 30, 2020.

23. That on April 30, 2020, Governor Pritzker issued a third Executive Order 2020-32. See attached hereto as "Exhibit D" (hereinafter referred to as "April 30 Executive Order") that extended the duration of the April 1 Executive Order to May 30, 2020.

24. That as to each Plaintiff, the Executive Orders of Governor Pritzker, restrains their travel within the State and the Stay-at-Home Order deprives them of certain property, including their right to use their property in services and productive ways, deprives them of their employment and property right to wages, compensation income, and other items of value.

25. That the State of Illinois has not compensated the Plaintiffs for the loss of said property.

26. That said infringement on the property and property rights of the Plaintiffs constitutes a taking without just compensation in violation of the U.S. Constitution.

27. That said infringement on the property and property rights of the Plaintiffs constitutes a taking without just compensation in violation of the Constitution of the State of Illinois.

## PARTIES

28. That Plaintiff, GEORGE PEARSON, a resident of Will County, Illinois is the Will County Republican Committee Chairman, an elected position, and Campaign Manager for a statewide candidate running for election in November.

    A. That Plaintiff, GEORGE PEARSON, is damaged in that Plaintiff cannot conduct party business.

    B. That Plaintiff, GEORGE PEARSON, cannot engage in political fundraising.

    C. That Plaintiff, GEORGE PEARSON, is deprived, along with the candidates he works for and the members of the Republican Party he represents, of their ability to nominate candidates for the November election, and thus, deprived them of income.

29. That Plaintiff, STEVE BALICH, is a resident of Will County, an elected member of the Will County Board and a Committee Chairman for Mike Fricilone, a candidate for United States House of Representatives.

    A. That Plaintiff, STEVE BALICH, is deprived of his ability to contact in person and effectively represent his constituents.

    B. That Plaintiff, STEVE BALICH, is deprived of his ability to raise funds for the campaign of candidate Mike Fricilone for District 3.

    C. That Plaintiff, STEVE BALICH, is deprived of the ability to campaign for reelection, and thereby continue his salary as County Board Member.

30. That Plaintiff, SAMANTHA L. PALYA, owner of ABSOLUTELY PAWFECT PET STYLING, Inc. a business owner, was unable to be open for business from March 21, 2020 to May 1, 2020, pursuant to the Executive Orders of the Governor and suffered the following damages:

A. That Plaintiff, SAMANTHA L. PALYA, owner of ABSOLUTELY PAWFECT PET STYLING, Inc. lost income of $45,000 for the period she was prohibited from operating her business.

B. That the closure of Plaintiff's business constitutes a taking by the State of Illinois pursuant to the Illinois Constitution and the United States Constitution, for which she was entitled to just compensation.

C. That neither Plaintiff, SAMANTHA L. PALYA, nor her business ABSOLUTELY PAWFECT PET STYLING, Inc., was awarded any just compensation from the State for the loss of her business revenue.

D. That no jury was empowered to determine her just compensation for the closure of her business.

31. That Plaintiff, AMANDA HAMERMAN, owner of Color Envy, Inc., a business owner, was unable to be open for business from March 19, 2020 through to present date, pursuant to the Executive Orders of the Governor and suffered the following damages:

A. That Plaintiff, AMANDA HAMERMAN, owner of Color Envy, Inc., lost income of in excess of $60,000 for the period she was prohibited from operating her business, and continues to lose income.

B. That the closure of Plaintiff's business constitutes a taking by the State of Illinois pursuant to the Illinois Constitution and the United States Constitution, for which she was entitled to just compensation.

C. That neither Plaintiff, AMANDA HAMERMAN, nor her business, Color Envy, Inc., was awarded any just compensation from the State for the loss of her business revenue.

D. That no jury was empowered to determine her just compensation for the closure of her business.

32. That Plaintiff, MICHAEL JUDGE, owner of Judge Automotive, is a business owner.

A. That Plaintiff, MICHAEL JUDGE, owner of Judge Automotive, has suffered a decline in his business due to restrictions on travel, and although open, has little or no business since other residents are restricted in their travel, not using their private automobiles, and therefore, not needing repairs.

B. That due to the decline in business, directly related to the stay-at-home Order and travel restrictions, Plaintiff has been forced to lay off, Christie Perez, one of his mechanics due to lack of work and income.

WHEREFORE, Plaintiffs request that the Court declare the action of the State a taking of private property for public benefit, and order the determination of Just Compensation to the Plaintiffs by a jury pursuant to Illinois Law, and all other appropriate relief.

BRUGGEMAN, HURST & ASSOCIATES, P.C.

By /s/ Alan R. Bruggeman

BRUGGEMAN, HURST & ASSOCIATES, P.C.
Attorneys for Plaintiffs
20012 Wolf Road
Suite 200
Mokena, Illinois 60448
(708) 478-6900

## **VERIFICATION**

Under penalties of perjury as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements as set forth in this instrument are true and correct, except as to such matters stated to be on information and belief, and to such matters, the undersigned verily believes the same to be true.

*/s/ Steve Balich*
STEVE BALICH

SUBSCRIBED AND SWORN TO
before me this 12th day of
May, 2020.

*/s/ Jeanne M. Czart*
Notary Public

OFFICIAL SEAL
JEANNE M. CZART
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 18, 2022